**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **FRANCISCO MUNGUIA MOLINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00642** |
| | ) | |
| **WILLIAM DOUGLAS SULLIVAN and REEVA TRANSPORT, LLC,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Reeva Transport, LLC's ("Reeva") Motion for Partial Dismissal of the Complaint, (Doc. No. 6), filed under Federal Rule of Civil Procedure 12(b)(6) on May 21, 2026. Plaintiff has failed to respond to Defendant's Motion, and therefore, this Court considers the Motion unopposed. For the reasons stated herein, Reeva's Motion (Doc. No. 6) is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case arising from a motor vehicle collision in April 2025. (*See* Complaint, Doc. No. 1). Specifically, Plaintiff alleges that one of Reeva's employees, Defendant Sullivan, operated a truck owned by Reeva "in a negligent manner and struck the vehicle containing the Plaintiff with great force, causing a serious automobile collision…" (*Id.* at ¶ 9). At the time of the collision, Sullivan and Plaintiff were travelling in the same direction on Interstate-24 West near mile marker 74 in Rutherford County, Tennessee. (*Id.*).

Plaintiff filed this action against Reeva and Sullivan in April 2026. Plaintiff brings claims of negligence and negligence *per se* against Sullivan. (*Id.* ¶¶ 10-11). Additionally, Plaintiff claims

Reeva is vicariously liable for Sullivan's negligence and directly liable for its own negligent hiring, training, supervision, and entrustment, and seeks punitive damages. (*See id.* ¶¶ 7, 14-16). Through the pending motion, Reeva argues that Plaintiff's direct negligence claims against it should be dismissed.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

As noted above, the Complaint asserts claims against Reeva for negligent hiring, training, supervision, and entrustment. (Doc. No. 1 at ¶ 15). The Complaint, however, is devoid of any facts that would serve as the factual basis for those assertions. For example, Plaintiff alleges that Sullivan caused the collision by, among other things, "failing to maintain proper control of the

vehicle, failing to maintain a proper lookout ahead, failing to see all that came into his line of sight, and failing to exercise due care when operating the vehicle." (*See Id.* at ¶ 10). As a result, Plaintiff asserts that Reeva is likewise negligent for hiring Sullivan and failing to train and supervise him. (*Id.* at ¶ 15). Beyond these conclusory statements, however, Plaintiff does not allege that Reeva failed to determine Sullivan lacked experience, lacked training, was fatigued, was distracted, and/or had unsafe driving habits. Nor does Plaintiff allege how Reeva failed to train Sullivan. In fact, neither Sullivan's training, nor Reeva's hiring and supervising policies, are discussed at all. Instead, Plaintiff pleads what can be best described as conclusory allegations reciting the elements of his claims.

Even accepting the factual allegations as true and drawing all inferences in Plaintiff's favor, the Complaint fails to state a claim upon which relief can be granted of direct negligence against Reeva. Accordingly, Reeva's Partial Motion to Dismiss (Doc. No. 6) is **GRANTED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE